## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

**SECURITIES AND EXCHANGE COMMISSION,**

          **Plaintiff,**

          **v.**

**CHAD CALICE, et al.,**

          **Defendants.**

</td><td>

**Case No. 1:21-CV-05009 (___)**

</td></tr>
</table>

## FINAL JUDGMENT AS TO DEFENDANT HOLLY HAND

The Securities and Exchange Commission having filed a Complaint and Defendant Holly Hand ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

shall pay a civil penalty in the amount of $103,875 to the Securities and Exchange Commission

pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].  Defendant shall make this

payment in four installments, paid to the Commission according to the following schedule: (1)

$25,968.75, within 10 days of entry of this Final Judgment; (2) $25,968.75, within 90 days of

entry of this Final Judgment; (3) $25,968.75, within 180 days of entry of this Final Judgment;

and (4) $25,968.75 within 270 days of entry of this Final Judgment.  Payments shall be deemed

made on the date they are received by the Commission and shall be applied first to post-

judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after

10 days of the entry of Final Judgment.  Prior to making the final payment set forth herein,

Defendant shall contact the staff of the Commission for the total amount of post-judgment

interest due, which shall be added to the principal amount of the final payment.  If Defendant

fails to make any payment by the date and/or in the amount set forth in the foregoing schedule,

all outstanding payments due under this Final Judgment, including post-judgment interest, less

the amount of any payments received by the Commission, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Holly Hand as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any amounts due after 10 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

The Commission may enforce the Court's judgment imposing the foregoing penalty by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and by moving for civil contempt for the violation of

any Court orders issued in this action.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2021

_____
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                                        Plaintiff,

                    v.                                          Case No. 1:21-CV-05009 (___)

CHAD CALICE, et al.,

                                        Defendants.

## <u>CONSENT OF DEFENDANT HOLLY HAND</u>

1.      Defendant Holly Hand ("Defendant"), waives service of a summons and the
complaint in this action ("Complaint"), enters a general appearance, and admits the Court's
jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as
provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which
Defendant admits), Defendant hereby consents to the entry of the final judgment in the form
attached hereto ("Final Judgment") and incorporated by reference herein, which, among other
things:

            (a)      permanently restrains and enjoins Defendant from violations of Section

                     17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b) of

                     the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §

                     78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

                     and

(b)     orders Defendant to pay a civil penalty in the amount of $103,875

pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1], plus

post-judgment interest pursuant to 28 U.S.C. § 1961, according to the

following payment schedule: (1) $25,968.75, within 10 days of entry of

the Final Judgment; (2) $25,968.75, within 90 days of entry of the Final

Judgment; (3) $25,968.75, within 180 days of entry of the Final Judgment;

and (4) $25,968.75, within 270 days of entry of the Final Judgment.

3.     Defendant agrees that she shall not seek or accept, directly or indirectly,
reimbursement or indemnification from any source, including but not limited to payment made
pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays
pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof
are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further
agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to
any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final
Judgment, regardless of whether such penalty amounts or any part thereof are added to a
distribution fund or otherwise used for the benefit of investors.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to
Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of
the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats,
offers, promises, or inducements of any kind have been made by the Commission or any
member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that she shall not be permitted to contest the factual allegations of

the Complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the Complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the Complaint or creating the impression that the

Complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendant does not deny the

allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in

this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely

for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this

agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial

obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings

in which the Commission is not a party.

      12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

      13.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: _19 February_, 2021                    _Holly Hand_
                                              Holly Hand

     On _Feb 19th_, 2021, _Holly Hand_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                              _____
                                              Notary Public
                                              Commission expires: _11·09·21_


                         DENISE MARIE ALEBA
                      NOTARY PUBLIC-STATE OF NEW YORK
                            No. 01AL6213421
                         Qualified in Broome County
                      My Commission Expires November 09, 2018 21


Approved as to form:

_____
Gerard M. Karam, Esq.
Mazzoni Karam Petorak & Valvano
Suite 201 Bank Towers
321 Spruce St.
Scranton, PA 18503
Attorney for Defendant Holly Hand